Argued and submitted November 22, 1985, rule held valid April 23, 1986

BROWN et al,
*Petitioners,*

*v.*

BUEHNER et al,
*Respondents.*

(21374-101; CA A35390)

717 P2d 662

---

Don Leadroot, Forest Grove, argued the cause for peti-
tioners. With him on the brief was Robert Andrew Browning -
Attorneys P.C., Forest Grove.

No appearance for respondent Milton T. Buehner dba
Milton T. Buehner Custom Homes.

John A. Reuling, Jr., Assistant Attorney General, Salem,
argued the cause for respondent Builders Board. With him on
the brief were Dave Frohnmayer, Attorney General, and
James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and
Warren, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners challenge the validity of a Builders Board rule, pursuant to which the Board dismissed their claim against the builder of their house. The sole contention is that OAR 812-04-050(4)(b) is invalid because it exceeds the Board's authority under ORS 701.145(2)(a) and 701.235.

Petitioners filed a claim on March 23, 1983, against Buehner, who was building a home for them, making various claims regarding faults in the construction. A hearing was ultimately scheduled on the claim for September 19, 1983. On September 16, 1983, Buehner filed an action in circuit court against petitioners on the construction contract. On September 22, 1983, the Board sent petitioners a letter notifying them that the Board had discontinued processing the claim because of the circuit court action. The letter set out certain things petitioners had to do and notified them that failure to follow the procedures specified would result in dismissal of the claim and that it would not be reopened. One requirement was that they were to give the Board a progress report regarding the circuit court litigation every six months.

On February 12, 1985, the Board issued a "DEFAULT ORDER." The order recited that it was based "on the claimant's failure to comply with Oregon Administrative Rule 812-04-050(4), wherein the claimant was required to provide the Board with status reports every six months relating to the court action." OAR 812-04-050(4)(b) provided:

> "If the claimant fails to comply with paragraphs (4)(a)(C) and (D) [status reports] of this rule, or either of them, the Agency may, without notice to the claimant, close the claim file. A claim file closed as set forth in this subsection shall not be reopened."

Petitioners do not challenge the action of the Board in dismissing the claim; they challenge only that portion of the rule providing that a closed claim file "shall not be reopened." They argue that, although the Board has authority under ORS 701.145(2)(a)[1] to discontinue processing a claim and may

---

[1] ORS 701.145(2)(a) provides:

"(2) The Board may refuse to accept, or refuse at any time to continue

require periodic status reports, it has no statutory authority to refuse to reopen a claim.

The cited statute authorizes the Board to refuse to accept or to refuse to continue processing a claim if the parties are involved in court litigation. The two authorized actions are intended to be equivalent, depending on whether the court action is initiated before or after the claim is filed with the Board. If the court action is in existence before the claim is submitted to the Board, the Board may refuse to *accept* the claim. That action effectively terminates any Board involvement. It follows that, if the court action is commenced after the claim processing by the Board begins, the Board may simply terminate its involvement by permanently closing the file. The rule that petitioners challenge implements that legislative plan. The rule is not invalid as beyond the statutory authority of the Board.

Because we conclude that the rule is valid in the context of petitioners' contentions, we need not address the several procedural problems the Board raises.

Rule held valid.

---

processing, a claim if:

"(a) The same facts and issues involved in the claim have been submitted to a court of competent jurisdiction for determination or have been submitted to any other entity authorized by law or the parties to effect a resolution and settlement."