Argued and submitted April 16, reversed and remanded for reconsideration
September 29, 1999

George FONG
and Jeanne Fong,
*Respondents,*

*v.*

WINDWOOD CONSTRUCTION, INC.,
*Petitioner,*

*and*

CONSTRUCTION CONTRACTORS BOARD,
*Respondent.*

(50196-103; CA A95665)

986 P2d 1257

Gerald D. Wygant argued the cause for petitioner. George W. Kelly filed the brief.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent Construction Contractors Board. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondents George and Jeanne Fong.

Before Edmonds, Presiding Judge, and Landau and Armstrong, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

This case arises from a dispute over petitioner's construction of claimants' house. Petitioner seeks reversal of an order from the Construction Contractors Board (CCB) that awarded damages to claimants. ORS ch 701. The issue is whether claim or issue preclusion barred any portion of the CCB's final order. We reverse and remand. ORS 183.482(7).

In 1994, petitioner built a house for claimants, George and Jeanne Fong. Dissatisfied with petitioner's work, the Fongs filed a claim under ORS 701.140(1) in 1995 with the CCB alleging negligent construction and overcharging. Among other items, the Fongs complained that an entertainment center was not built as promised and specified, that the kitchen island's dimensions were changed without the Fongs' knowledge and consent, that they were required to forfeit a loan incentive because of petitioner's delays and that petitioner installed a fiberglass shower instead of a tile shower. After a hearing, the CCB awarded damages to the Fongs and petitioner sought review to this court in 1996. While on review, it was discovered that part of the tape recording of the hearing before the CCB was blank. In June 1997, we remanded by order to the CCB for a new hearing.

Three months before our remand, the Fongs filed a $2,500 claim in Washington County District Court against petitioner and Dale Richards, petitioner's sole stockholder. The claim sought damages for "front lawn landscape allowance that was not credit back" and "[o]ver charged on the entertainment cabinets." Petitioner then sent a letter to the CCB requesting that it not set a new hearing because "[t]here is pending a hearing in the Oregon District Court in the same matter." The Fongs responded with their own letter, saying "[t]he small claim filed does not relate to matters subject to hearing before the board or pending on appeal * * *, but to entirely different matters." In its notice scheduling a reopening of the hearing, the CCB ruled that "[i]t appears that the District Court filing involves different issues than this claim." At the hearing on October 21, 1997, on remand, petitioner continued to object unsuccessfully to the CCB's holding of a hearing while the small claims action was pending.

In a proposed order after the hearing, the administrative law judge (ALJ) concluded that the entertainment center had not been built according to the Fongs' specifications and that petitioner had performed negligent or improper work. The ALJ awarded claimants $3,080 based on the cost of replacing part of the entertainment center. In addition, based on a finding that petitioner was responsible for most of the delay in construction, the ALJ awarded claimants $700, which represents the loan incentive that claimants would have received had construction been completed on time.

Petitioner excepted to the proposed order, and oral arguments were scheduled before the CCB's Claims Appeal Review Committee (Committee) for January 1998. In written arguments to the Committee, petitioner explained that there had been an arbitration hearing held on October 24, on the district court claim, but that the arbitrator had not yet made a decision. Petitioner asserted to the committee that:

> "While the claimant might claim that the two matters are separate, it should be noted that at the start of the hearing of October 21, 1997 before [the ALJ], the claimants handed to [attorney for petitioner], the discovery and evidence to be used in the District Court case. The discovery and evidence consisted of a complete transcript of the first hearing before the [CCB] in this matter.

> "* * * * *

> "If the District Court case decision is in favor of [petitioner] then that is res judicata and an end to the matter with the [CCB]."

During oral arguments to the Committee, petitioner's attorney stated that he had documentation showing a determination of the district court case and requested permission to introduce its order into the record. The Committee Chairman indicated that he was "disinclined to hear any information on this district court case at this time[,]" apparently on the basis that it was "new evidence" and OAR 812-004-0060 gives the Committee discretion to refuse to accept new evidence.[1] The

---

[1] OAR 812-004-0060(5) provides, in part:

"At the meeting of the members of the Committee, the Committee will consider evidence received at the hearing and exceptions and written or oral

CCB issued a final order on February 3, 1998, affirming the ALJ's findings of facts and ordering petitioner to pay the Fongs approximately $4,000.

■■■ On review, petitioner makes two assignments of error: (1) that the CCB erred in not vacating the award respecting the entertainment center and the loan incentive, and (2) that the CCB erred in refusing to permit the district court judgment to be made part of the record and in allowing the proceeding to continue after the district court decision. Although the Fongs did not file a brief on review, the Attorney General filed a brief on behalf of the CCB. *See* ORAP 4.40(1). The CCB asserts that, under ORS 701.145,

"the undisputed evidence proved that the claim pursued herein was not the same claim brought in District Court. Contractor had the burden of proving that the claim was precluded, and did not carry that burden. * * *

"The board was not required to accept the proffered evidence, particularly where the undisputed testimony proved that it was irrelevant to the claim before the board."

Contrary to the assumptions of both parties, this is not an issue controlled by ORS 701.145. That statute provides, in part:

"[(1)] Any person having a claim against a contractor of the type referred to in ORS 701.140 may file with the Construction Contractors Board a statement of the claim in such form as the board prescribes.

"(2) The board may refuse to accept, or refuse at any time to continue processing, a claim if:

"(a) The same facts and issues involved in the claim have been submitted to a court of competent jurisdiction for determination or have been submitted to any other entity authorized by law or the parties to effect a resolution and settlement[.]"

While the parties are correct that ORS 701.145(2) gives the CCB discretion to continue processing a claim while the claim is also pending in a court of competent jurisdiction, the statute does not purport to speak to the situation where there has been a final adjudication of the claim in court. *Cf.*

argument for or against the proposed order, but the Committee will not consider new or additional evidence."

*Brown v. Buehner*, 79 Or App 58, 717 P2d 662 (1986) (discussing the Board's authority under ORS 701.145(2)(a)). Petitioner argues that the CCB erred in not receiving the district court's determination into the record, and we agree. The doctrines of claim and issue preclusion are respective branches of the doctrine of preclusion because of a former *adjudication*. *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990). One, or both, may bar a court or an agency from making a contrary decision when a final decision has been reached in the other forum and all of the requirements for preclusion are met. *See id.* at 142.[2]

■■   Faced with petitioner's representation that the district court had determined the court case, the CCB was obligated to permit petitioner to make its record on its affirmative defense that issue and/or claim preclusion prevented the Committee from issuing its determination. A judgment from a court offered under those circumstances is not "new evidence" such that the CCB may decline to consider it under its rules. Rather, it acts as a bar to the claim. In recognition of that principle, OAR 812-004-0200(7) provides:

> "[*F*]*acts and issues within the jurisdiction of the Board previously determined by a court or other authorized entity will not be re-litigated* unless a party shows there was not a full and fair opportunity to be heard in the prior proceeding. A party asserting a prior determination must specify the facts and issues involved *and provide a copy of appropriate parts of the record of the prior proceeding.*" (Emphasis added.)

Because the record demonstrates that the CCB did not allow petitioner to make its record on the issue of whether the Fongs were precluded from asserting their claims, we reverse and remand for reconsideration.[3]

Reversed and remanded for reconsideration.

---

[2] By statutory provision, the legislature can make an exception to the application of issue and claim preclusion, *see id.* at 141, but nothing in chapter 701 indicates that the legislature intended to make such an exception for issues within the CCB's authority. We recognize that the CCB often works in conjunction with the courts by allowing a claimant who has received a favorable judgment to initiate a claim with the CCB against the contractor's bond. *See, e.g.*, ORS 701.145(7). That is not the circumstance of this case.

[3] Because of our disposition of the second assignment of error, we do not reach the first assignment.